

June 25, 2025

<u>Via CM/ECF</u>

The Hon. Molly Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94103

    Re:    **Plaintiffs' Response to Defendants' Notice of Supplemental Authority in *Shilling v. Trump*, No. 25-2039**

Dear Ms. Dwyer,

Plaintiffs file this response to Defendants' notice regarding the decision in *United States v. Skrmetti*, 605 U.S. ---, 2025 WL 1698785 (June 18, 2025).

In *Skrmetti*, the Supreme Court found that a Tennessee law regulating medical treatment for gender dysphoria in minors did not classify based on sex or transgender status but rather age and medical use and was therefore not subject to heightened scrutiny. *Id.*, at *7-8. Notably, the Court expressly cabined its sex discrimination analysis to "the medical context," *id.*, at *8, and the decision was limited to such context with regards to *minors*. *Ibid*.

Here, the Ban turns not on medical use or age, but rather on servicemembers' transgender status and sex. Plaintiffs' Br. 25-32, 33-35. It targets transgender servicemembers by barring from service any person who, regardless of medical





Notice of Supplemental Authority
in *Shilling v. Trump*, No. 25-2039
June 25, 2025

Page **2** of **3**

condition or treatment, has "transitioned or attempted to transition to a sex other than their birth sex" or is "not willing to serve in their birth sex." 2-ER-235.

*Skrmetti* leaves untouched this Court's precedents, like *Hecox v. Little*, 104 F.4th 1061 (9th Cir. 2024), as amended (June 14, 2024), and *Karnoski v. Trump*, 926 F.3d 1180 (9th Cir. 2019), among others, holding that classifications based on transgender status are subject to heightened scrutiny and that the reasoning of *Bostock v. Clayton County*, 590 U.S. 644 (2020), applies in the equal protection context. *Skrmetti*, at *11, *12.

Furthermore, the Ban does not regulate medical use or treatment but rather uses "a current diagnosis or history of, or exhibit symptoms consistent with, gender dysphoria" as a "means of identifying Service members" for separation from military service. 2-ER-70. It therefore "does not regulate a class of treatments or conditions. Rather, it regulates a class of *persons* identified on the basis of a specified characteristic." *Skrmetti*, at *11 n.3. "Neither [*Skrmetti*'s] analysis nor *Geduldig* speaks to a law that classifies on such a basis." *Ibid*.

Finally, in *Skrmetti*, the Supreme Court found that the Plaintiffs did not present arguments pertaining to animus and pretext. *Id.*, at *11. Plaintiffs have so argued here. Plaintiffs' Br. 26-27, 32-33, 36-37.



Notice of Supplemental Authority
in *Shilling v. Trump*, No. 25-2039
June 25, 2025

Page **3** of **3**

Sincerely,

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
**Lambda Legal Defense and
  Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (212) 658-9721
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiffs*

cc:   All counsel of record via CM/ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit set forth in Rule of Appellate Procedure 28(j) and Circuit Rule 28-6 because the body of the letter contains no more than 350 words.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
**Lambda Legal Defense and
  Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005