

July 14, 2025

**Via CM/ECF**

The Hon. Molly Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94103

    Re:    Plaintiffs' Response to Defendants' Notice of Supplemental Authority in *Shilling v. Trump*, No. 25-2039

Dear Ms. Dwyer,

Pursuant to Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28-6, Plaintiffs respectfully file this response to Defendants' notice of supplemental authority regarding the Supreme Court's decision in *Trump v. CASA, Inc.*, No. 24A884, slip op. (U.S. June 27, 2025).

*First*, despite Defendants' suggestion otherwise, *CASA* did not prohibit district courts from providing relief that benefits non-parties. Instead, *CASA* acknowledged that, when courts "administer complete relief *between the parties*," those "party-specific injunctions sometimes 'advantag[e] nonparties.'" Slip op. at 16 (alteration in original) (citation omitted). Indeed, "[e]ven if a district court enjoins a new federal statute or state law only as to the particular plaintiffs, that injunction could still have widespread effect." *Labrador v. Poe by & through Poe*, 144 S. Ct. 921, 932 (2024) (Kavanaugh, J., concurring). For example, as is the case here with Gender Justice

Lambda Legal  +  120 Wall Street, 19th Floor, New York, NY 10005  +  www.lambdalegal.org





Notice of Supplemental Authority
in *Shilling v. Trump*, No. 25-2039
July 14, 2025
Page **2** of **3**

League, "the plaintiff might be an association that has many members." *Id.* Take the Court's "archetypal" example used in *CASA*: a nuisance case between neighbors. Slip Op. at 16. Even in such context, the *CASA* Court recognized, providing the plaintiffs with complete relief may "have the *practical effect* of benefitting nonparties." *Id.*

*Second*, the *CASA* Court confirmed that district courts may issue universal relief when "necessary to provide complete relief to each plaintiff with standing to sue." *Id.* at 26. The District Court found that "[t]his is the rare case that warrants a nationwide injunction." 1-ER-64. Far from providing complete relief, narrowing the preliminary injunction to the named individual plaintiffs and Gender Justice League's members would continue to inflict irreparable harm on them. Although active-duty Plaintiffs could continue to serve in the military, they would "serve as an exception to a policy that deems them unfit and that inherently erodes their ability to do their job." Answering Br. at 63. The District Court appropriately found that the nationwide scope of the relief provided was warranted, *see* 1-ER-63–1-ER-66, and thus did not abuse its discretion. *See CASA*, Slip Op. at 16–18; *see also id.* at n.12.

Sincerely,

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
**Lambda Legal Defense and**




Notice of Supplemental Authority
in *Shilling v. Trump*, No. 25-2039
July 14, 2025
Page **3** of **3**

**Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005
Telephone: (212) 809-8585
Facsimile: (212) 658-9721
ogonzalez-pagan@lambdalegal.org

*Counsel for Plaintiffs*

cc:     All counsel of record via CM/ECF

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the word limit set forth in Rule of Appellate Procedure 28(j) because the body of the letter contains no more than 350 words.

*/s/ Omar Gonzalez-Pagan*
Omar Gonzalez-Pagan
**Lambda Legal Defense and Education Fund, Inc.**
120 Wall Street, 19th Floor
New York, NY 10005