**No. 25-2039**

# In the United States Court of Appeals for the Ninth Circuit

COMMANDER EMILY SHILLING; *et al.*,

*Plaintiffs-Appellees*,

v.

UNITED STATES OF AMERICA; *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court for the Western District of Washington, No. 2:25-cv-00241-BHS, Hon. Benjamin H. Settle

## PLAINTIFFS-APPELLEES' MOTION REQUESTING JUDICIAL NOTICE

Matthew P. Gordon
Sarah Grant
ASHURST PERKINS COIE US LLP
1301 Second Avenue, Suite 4200
Seattle, WA 98101
(206) 359-8000
Matthew.Gordon@ashurstperkins.com
Sarah.Grant@ashurstperkins.com

Cynthia Cheng-Wun Weaver
Ami Rakesh Patel
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave. N.W.
Washington, DC 20036
(202) 527-3669
Cynthia.Weaver@hrc.org
Ami.Patel@hrc.org

Sasha Buchert
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
815 16th St. NW, Suite 4140
Washington, DC 20006
(202) 804-6245
sbuchert@lambdalegal.org

Omar Gonzalez-Pagan
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
120 Wall Street, 19th Fl.
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

*Additional counsel on signature page.*

*Counsel for Plaintiffs-Appellees*

Pursuant to Federal Rule of Appellate Procedure 27 and Circuit Rule 21-1, and consistent with the subsection 7 of the Circuit Advisory Committee Note to Rule 27-1, Plaintiffs-Appellees respectfully request that the Court take judicial notice of public statements made by Defendants-Appellants, including Secretary of Defense Pete Hegseth, that are relevant to this case. These statements by the government and by Secretary Hegseth are consistent with statements already contained in the trial record and with Plaintiffs' argument regarding the scope of the ban at issue in this case, namely, that the ban prohibits military service by all transgender individuals.

At the initial oral argument in this case, counsel for Defendants represented that the ban at issue here does not target or exclude transgender people, but rather only people with a medical diagnosis of gender dysphoria. *See* Oral Arg. 6:26-6:57 (representing that the policy "focuses solely on the term gender dysphoria"). Since the district court decision in this case and the initial oral argument in this appeal, Defendants have issued various public statements regarding the scope of the ban at issue. Plaintiffs request that the Court take judicial notice of these statements, including the following:

- On September 30, 2026, Secretary Hegseth posted on the social media platform X the following message in reference to changes the Administration has made to the Department of Defense and the military: "No fatties. ***No trannies.*** No beardos. No weirdoes. No wimps. No radicals

— JUST WARRIORS." (emphasis added).[1] The post embedded a video of the same remarks by Secretary Hegseth that was posted on the Department of Defense's rapid response official account on that same date.[2]

- On August 17, 2026, speaking at a public event and referencing the policies at issue here, Secretary Hegseth stated that "[a]t the Department of War, we do training, ***not trannies***." (emphasis added). Video of Secretary Hegseth's statement is publicly available on CNN's YouTube page and was publicly reported by several news outlets.[3]
- On June 30, 2026, the White House issued a release titled "Supreme Court Bolsters President Trump's Push to Eliminate Transgender Insanity," which is publicly available in the White House's website.[4] Linking to a

---

1 *See* Pete Hegseth (@PeteHegseth), X (Sept. 30, 2026, at 10:17pm ET), https://x.com/PeteHegseth/status/2105482132357591389 [https://perma.cc/B79R-R3PF].

2 *See* DOW Rapid Response (@DOWResponse), X (Sept. 30, 2026, at 3:28pm ET), https://x.com/DOWResponse/status/2105379183136321662/video/1 [https://perma.cc/RF6F-NJA4].

3 *See* CNN, *Hegseth uses transphobic slur at Iowa State Fair*, at 0:27 (YouTube, Aug. 19, 2026), https://youtu.be/oAktIvCM0ww (on file with counsel for Plaintiffs); *see also*, *e.g.*, Robin Opsahl, *US Defense Secretary Pete Hegseth joins Rep. Zach Nunn at Iowa State Fair*, Iowa Capital Dispatch (Aug. 17, 2026), https://iowacapitaldispatch.com/2026/08/17/u-s-defense-secretary-pete-hegseth-joins-u-s-rep-zach-nunn-at-iowa-state-fair/ [https://perma.cc/2DUP-9QMG].

4 *See* The White House, *Supreme Court Bolsters President Trump's Push to Eliminate Transgender Insanity* (June 30, 2026),

release from the Department of Defense regarding the ban at issue, the June 30 release describes the ban as: "Prioritizing military readiness over radical gender ideology by requiring troops to serve according to their biological sex, and ***barring so-called transgender individuals from military service***." (emphasis added).

- On February 19, 2026, again in reference to the ban, Secretary Hegseth publicly stated, "Under the leadership of President Trump, the military once again supports and trains our troops and tends to their spiritual health. You see, we train our troops, ***we no longer trans our troops***." (emphasis added). Secretary Hegseth's statement was publicly reported by news outlets, such as CNN.[5]

- On February 2, 2026, again referencing the policies at issue in this case, Secretary Hegseth publicly stated that at the Department of Defense, "We're eliminating the distractions and the debris. No more DEI, no more ***dudes in dresses*** … We're done with all of that." (emphasis added). Video

---

https://www.whitehouse.gov/releases/2026/06/supreme-court-bolsters-president-trumps-push-to-eliminate-transgender-insanity/ [https://perma.cc/484A-4MDN].

[5] *See* Haley Britzky, *Hegseth rails against 'Godless left' in political speech to Christian convention*, CNN.com (Feb. 20, 2026), https://www.cnn.com/2026/02/19/politics/pete-hegseth-political-speech-christian-convention-nashville [https://perma.cc/Y9MU-RC2T].

of Secretary Hegseth's statement is publicly available on C-SPAN's YouTube page.[6]

- On September 30, 2025, in an address to general and flag officers at Quantico, Virginia, Secretary Hegseth stated, "This administration has done a great deal from day one to remove the social justice, politically correct, and toxic ideological garbage that had infected our department, to rip out the politics. ***No more identity months, DEI offices, dudes in dresses.*** No more climate change worship. ***No more division, distraction or gender delusions.*** No more debris." (emphasis added). A transcript of Secretary Hegseth's remarks is publicly available on the Department of Defense's website.[7]

- On May 6, 2025, in a keynote address at Special Operations Forces Week, Secretary Hegseth stated, "Everything starts and ends with warriors, from training to the battlefield. We are leaving wokeness and weakness behind. ***No more pronouns***. No more climate change obsession. No more

---

[6] C-SPAN, *Secretary Pete Hegseth at Blue Origin Factory: "No More DEI, no more dudes in dresses …"*, at 0:42 (YouTube, Feb. 2, 2026), https://youtu.be/tH4m_E0Fcoo (on file with counsel for Plaintiffs).

[7] U.S. Department of War, Transcript, *Secretary of War Pete Hegseth Addresses General Flag Officers at Quantico, Virginia* (Sept. 30, 2025), https://www.war.gov/News/Transcripts/Transcript/article/4318689/secretary-of-war-pete-hegseth-addresses-general-and-flag-officers-at-quantico-v/ [https://perma.cc/HFB5-TWN8].

emergency vaccine mandates. ***No more dudes in dresses, we're done with that shit***." (emphasis added). A transcript of Secretary Hegseth's remarks is publicly available on the Department of Defense's website.[8]

Federal Rule of Evidence 201 allows this Court to take judicial notice of "fact[s] that [are] not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). And while it is true that this Court's review and the record on appeal are typically limited to material that was presented before the trial court, judicial notice is a well-recognized "exception[] to that general rule." *Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 556 n.5 (9th Cir. 1992). Indeed, because under the rule a court "may take judicial notice at any stage of the proceeding," Fed. R. Evid. 201(d), "an appellate court can take judicial notice of the same facts as could the district court." *Megaro v. McCollum*, 66 F.4th 151, 158 (4th Cir. 2023) (citation omitted). Thus, this Court may take judicial notice of government reports, actions, and statements "even though [they were] not in the district court

---

[8] U.S. Department of War, Transcript, *Secretary of Defense Pete Hegseth Delivers Keynote Address at Special Operations Forces Week 2025* (May 6, 2025), https://www.war.gov/News/Transcripts/Transcript/Article/4176603/secretary-of-defense-pete-hegseth-delivers-keynote-address-at-special-operation/ [https://perma.cc/VMK5-B4YM].

record." *Wilbur v. Locke*, 423 F.3d 1101, 1112 (9th Cir. 2005) (taking notice of the executed compact between state and tribe even though it was not in the district court record), *abrogated on other grounds, by Levin v. Com. Energy, Inc.*, 560 U.S. 413 (2010); *see also Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (taking notice of licensing agreements to which state university was a party that were not part of the district court record).

Each of the above statements goes to the scope of the ban at issue in this case. And the fact that each of these statements was issued "is not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Indeed, courts routinely take judicial notice of statements made by a government official or statements that are contained within government websites, like those identified above.

It is well-established that courts of appeals may take judicial notice of statements contained on government websites and publications. *See*, *e.g.*, *In re Silver Lake Grp., LLC Sec. Litig.*, 108 F.4th 1178, 1186 n.4 (9th Cir. 2024) (taking judicial notice of document "publicly available on the FCC website"); *Waln v. Dysart Sch. Dist.*, 54 F.4th 1152, 1164 n.11 (9th Cir. 2022) (taking judicial notice of photographs available on the school district's website); *Montana Green Party v. Jacobsen*, 17 F.4th 919, 927 (9th Cir. 2021) ("We take judicial notice of maps and official election

results from the Montana Department of State website."); *Arizona Libertarian Party v. Reagan*, 798 F.3d 723, 727 (9th Cir. 2015) ("We may take judicial notice of official information posted on a governmental website, the accuracy of which is undisputed." (cleaned up)); *see also Mejia-Henriquez v. Att'y Gen. United States*, No. 25-2184, 2026 WL 2489594, at *5 n.7 (3d Cir. Aug. 25, 2026) ("We may take judicial notice of information publicly available on government websites." (citing *City of Phila. v. Sec'y U.S. Dep't of Interior*, 179 F.4th 169, 184 (3d Cir. 2026))); *Rodrique v. Hearst Commc'ns, Inc.*, 126 F.4th 85, 93 (1st Cir. 2025) ("We can take judicial notice of what information was available on government websites at a particular time."). This is so because "they are matters of public record made available by the government." *Kheriaty v. Regents of the Univ. of California*, No. 22-55001, 2022 WL 17175070, at *1 (9th Cir. Nov. 23, 2022); *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Similarly, it is appropriate for this Court to take judicial notice of Secretary Hegseth's statements listed above. Courts routinely take judicial notice of public statements by executive officers, regardless of the medium. *See, e.g., Am. C.L. Union v. Nat'l Sec. Agency*, 925 F.3d 576, 599 (2d Cir. 2019) (taking judicial notice of statements by government officials, including at press briefings and in testimony, because "the Government's subsequent public statements are precisely the sort of materials of which we may take judicial notice"); *Hawaii v. Trump*, 859 F.3d 741,

773 n.14 (9th Cir. 2017) (taking judicial notice of social media posts by President Trump), *vacated on other grounds*, 583 U.S. 941 (2017); *N.Y. Times Co. v. U.S. Dep't of Just.*, 756 F.3d 100, 111 & n.8 (2d Cir. 2014) (subsequent history omitted) (taking judicial notice of "several statements of Government officials" that "became publicly available" after the district court's decision); *Am. C.L. Union v. C.I.A.*, 710 F.3d 422, 431 (D.C. Cir. 2013) (taking judicial notice on appeal of statements by the President and CIA Director that postdated the district court's decision); *Massachusetts Nurses Ass'n v. N. Adams Reg'l Hosp.*, 396 F. Supp. 2d 30, 35 (D. Mass. 2005) (taking judicial notice of statement by plaintiff's spokesperson quoted in a newspaper and of a press release on the plaintiff's website), *aff'd*, 467 F.3d 27 (1st Cir. 2006). In this context, treatises support the notion that what governs is "substance" not "medium." James O'Reilly, *Federal Information Disclosure* § 7:88 (1st ed. 2026). Hence, courts act within reason by "tak[ing] judicial notice of the official acts of the heads of the executive departments of the Federal Government of public notoriety or general public interest." Robert Hunter & Stephen Arthur, *Federal Trial Handbook: Civil* § 35:10 (2025-2026 Ed.).

In sum, the statements by Defendants, including those by Secretary Hegseth, are relevant to the issues in this case and the parties' representations as to the scope of the ban. The Court should take judicial notice of them.

Counsel for Plaintiffs conferred about the relief requested with counsel for Defendants, who have communicated that Defendants take no position on the motion.

Accordingly, based on the foregoing, Plaintiffs respectfully request that this Court take judicial notice of the statements delineated above pursuant to Federal Rule of Evidence 201(b).

Dated: October 06, 2026

Respectfully submitted,

/s/ Sasha Buchert

Sasha Buchert
*Counsel of Record*
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
815 16th St. NW, Suite 4140
Washington, DC 20006
(202) 804-6245
sbuchert@lambdalegal.org

Omar Gonzalez-Pagan
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
120 Wall Street, 19th Fl.
New York, NY 10005
(212) 809-8585
ogonzalez-pagan@lambdalegal.org

Kell Olson
LAMBDA LEGAL DEFENSE AND EDUCATION FUND, INC.
3849 E Broadway Boulevard #136
Tucson, AZ 85716
(323) 370-6915

Matthew P. Gordon
Sarah Grant
ASHURST PERKINS COIE US LLP
1301 Second Avenue, Suite 4200
Seattle, WA 98101
(206) 359-8000
Matthew.Gordon@ashurstperkins.com
Sarah.Grant@ashurstperkins.com

Cynthia Cheng-Wun Weaver
Ami Rakesh Patel
HUMAN RIGHTS CAMPAIGN FOUNDATION
1640 Rhode Island Ave. N.W.
Washington, DC 20036
(202) 527-3669
Cynthia.Weaver@hrc.org
Ami.Patel@hrc.org

kolson@lambdalegal.org

Camilla B. Taylor
Kenneth Dale Upton, Jr.
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
3656 N Halsted St.
Chicago, IL 60613
(312) 663-4413
ctaylor@lambdalegal.org
kupton@lambdalegal.org

Jennifer C. Pizer
LAMBDA LEGAL DEFENSE
AND EDUCATION FUND, INC.
800 S. Figueroa Street, Suite 1260
Los Angeles, CA 90017
(213) 382-7600
jpizer@lambdalegal.org

*Counsel for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Motion complies with the limitation of Circuit Rules 32-3 and 27-1 because it contains 1869 words. This Motion complies with the typeface and the type style requirements of Fed. R. App. P. 27 because this brief has been prepared in a proportionally spaced typeface using Word 14-point Times New Roman typeface.

*/s/ Sasha Buchert*
Sasha Buchert

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on October 6, 2026, and that service will be accomplished by the appellate ACMS system on all registered participants.

*/s/ Sasha Buchert*
Sasha Buchert